IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01729-PAB-CBS

BANNER REALTY GROUP, LTD.,

    Plaintiff,

v.

BLUE RIDGE INVESTMENTS, LTD.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Remand [Docket No. 29] filed by plaintiff Banner Realty Group, Ltd. and defendant Blue Ridge Investments, Ltd. The parties request that the Court remand this case to the District Court for Eagle County, Colorado. Docket No. 29 at 2.

On April 12, 2012, plaintiff filed this action in the District Court for Douglas County, Colorado. Docket No. 3. In its complaint, plaintiff asserted several claims against Colorado Capital Bank. When plaintiff filed the complaint, the Federal Deposit Insurance Corporation ("FDIC") was the receiver for Colorado Capital Bank. *Id.* at 2. On July 3, 2012, pursuant to 12 U.S.C. § 1819(b), the FDIC removed the case to this Court. Docket No. 1. The FDIC alleged that, as the receiver for Colorado Capital Bank, it had assumed all its rights, titles, and privileges and claimed that plaintiff could not recover damages against Colorado Capital Bank because plaintiff did not exhaust its administrative remedies. *Id.* at 4-5, ¶¶ 13-14.

On September 10, 2012, plaintiff amended its complaint and eliminated all the claims against the FDIC in its capacity as receiver for Colorado Capital Bank. *See* Docket No. 28. In the present motion, the parties request that the Court remand the matter to state court because no federal interests remain in the case. Docket No. 29 at 2. However, the parties request that the Court remand the case to the District Court for Eagle County, Colorado, even though the case was removed from the District Court for Douglas County, Colorado. *Id*.

The resolution of the federal issue in this case does not prevent this Court from exercising jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(c)(3), the Court has discretion to exercise jurisdiction over pendent state law claims. As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction.  See Brooks, 614 F.3d at 1229 (reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction pursuant to § 1367(c)(3), but reversing the district court's grant of summary judgment on state law claims); Endris v. Sheridan County Police Dep't, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed." ); but see Henderson v. Nat'l R.R. Passenger Corp., 412 F. App'x 74, 79 (10th Cir. 2011) (court "should consider 'the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction'" when determining whether to exercise supplemental jurisdiction).

The FDIC, the only party requesting a federal forum, is no longer a party to this action.  The Court therefore finds no compelling reason to retain jurisdiction over the parties' state law claims.  However, the Court declines to remand the case to a different state court than the one where the action originated.

The remand of a case to state court is governed by 28 U.S.C. § 1447.  Under § 1447, a district court only has the authority to remand a case to the state court where it originated.  Allied Signal Recovery Trust v. Allied Signal Inc., 298 F.3d 263, 270 (3d Cir. 2002).  A district court does not have authority to remand a case to a stranger court because such an order would be entered without legal authority.  Id.  Accordingly, the

Court will grant the parties' request to remand the case to state court; however, the case will be remanded to the District Court for Douglas County, Colorado.

For the foregoing reasons, it is

**ORDERED** that Plaintiff and Defendant's Joint Motion to Remand Case to State Court [Docket No. 29] is **GRANTED**.  It is further

**ORDERED** that this case shall be remanded to the District Court for Douglas County, Colorado, where it was filed as Case No. 12CV814.

DATED September 25, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge